

March 11, 2022

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Application granted.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
March 14, 2022

Re:   *United States v. Tyrone Bailey*, **17 Cr. 142 (RA)**

Dear Judge Abrams:

We respectfully write the Court to request that the undersigned be substituted as CJA counsel for Mr. Bailey. For the reasons set forth below, the new alleged violations of supervised release filed last night against Mr. Bailey raise certain issues that counsel believes may implicate his ability to zealously advocate on behalf of Mr. Bailey. Counsel is unavailable to attend the presentment of Mr. Bailey today and has requested that CJA counsel stand-in for presentment purposes. Counsel will attend whatever subsequent hearing the Court schedules. However, counsel wanted to raise the issues below at the earliest opportunity to alleviate any risk of delay in Mr. Bailey's ability to investigate, address and contest the allegations brought against him yesterday.

The undersigned has been counsel for Mr. Bailey for approximately five years and represented him in both his underlying case and his first violation of supervised release last year. Throughout the course of that representation, counsel has had a solid working relationship with Mr. Bailey. In addition, throughout that representation, counsel has come to know Victim-1 and, in certain aspects of the case, rely upon Victim-1 in assisting Mr. Bailey. Counsel has had regular communication with Victim-1 over the past years and developed a rapport with Victim-1, an appreciation for Victim-1's efforts to assist counsel in defending Mr. Bailey, and an admiration for Victim-1's work ethic.

Counsel first learned of the new violations last night. Having reviewed them, it is clear that these violations directly implicate Victim-1 as a factual matter and, in some instances, Victim-1 may be the only witness to them. Mr. Bailey is entitled to a zealous defense of these serious allegations. While counsel would of course make every effort to do that, the undersigned's years-long association with Victim-1 complicates that because counsel remains grateful for Victim-1's efforts to help Mr. Bailey and participate in advocacy on his behalf. To boil it down, counsel has sincere historical respect for Victim-1 and is concerned that it would potentially interfere with the advocacy that may be required for Mr. Bailey to address these new charges. To be clear, counsel is making no representation as to the credibility of Victim-1 as a witness—either positive or negative—only that he has known her and had positive interactions with her over the past five years.

1



Accordingly, in the interest of Mr. Bailey, we respectfully submit that new CJA counsel be substituted for the undersigned to handle this matter going forward.

Respectfully submitted,

 s/ John Zach
John T. Zach

Copy to:

AUSA Hagan Scotten (by via ECF)
Probation Officer Hildery Huffman (via email)

2